**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOE WESTMORELAND,** | ) | |
| **Individually and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Dkt. No.: 1:26-cv-1094** |
| | ) | **JURY TRIAL DEMANDED** |
| **GIBSON COUNTY, TENNESSEE** | ) | **FLSA COLLECTIVE ACTION** |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

COMES now the Plaintiff, Joe Westmoreland, individually, and on behalf of all other similarly situated persons, alleges the following against the named Defendant:

### I. PARTIES, JURISDICTION, AND VENUE

1. This is an action to recover wages and damages owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

2. This action is brought as a collective action under the FLSA, 29 U.S.C. § 216(b) to recover unpaid wages, overtime wages, liquidated damages, attorneys' fees and other statutory penalties resulting from violations of the FLSA.

3. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

4. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

5.      Named Plaintiff and all of the putative class members were nonexempt, hourly employees who worked for the Defendant in the law enforcement operations it conducts and were subject to the same unlawful pay practices in violation of the FLSA as alleged herein.

6.      Defendant, Gibson County, Tennessee, is a governmental entity duly incorporated under the laws of the State of Tennessee, is subject to the requirements and prohibitions in the FLSA and is and was the employer of all relevant individuals working in the law enforcement operations conducted by the Defendant, both named and unnamed herein, including the Plaintiff and all members of the putative class. Service of process may be obtained on Defendant by serving its County Mayor, Nelson Cunningham and designated agent for service of process at the Gibson County Courthouse, Trenton, Tennessee 38382.

7.      At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R § 791.2 (a)(2012) as well as a "person" within the meaning of 29 U.S.C. § 203(a).

## II. FLSA COLLECTIVE ACTION ALLEGATIONS

8.      Pursuant to 29 U.S.C. § 216(b), named Plaintiff brings this action on behalf of himself and all persons who are presently and formerly employed by Defendant in non-exempt positions subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs" or "Plaintiff class members").

9.      Named Plaintiff and the Plaintiff class members are and were subjected to the same unlawful wage policies and practices described herein.

10.     Named Plaintiff and Plaintiff class members are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

11.     Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were required to perform uncompensated on-call duty on a regular basis and were compensated improperly for minimum wage and overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

12.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

13.     Therefore, named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

### III. FACTS

14.     Defendant hired the named Plaintiff and Plaintiff class members to work in various law enforcement positions with the Gibson County Sheriff's Department located in Gibson County, Tennessee. Named Plaintiff Joe Westmoreland has been employed with the Gibson County Sheriff's Department since 2000 and holds the rank of Lieutenant.

15.     The named Plaintiff and Plaintiff class members are scheduled to work forty (40) hours per week as part of their regular duty assignments.

16.     In addition to their regular forty (40) hour per week schedules, Defendant has, for approximately ten (10) years, maintained and enforced a policy requiring certain law enforcement officers, including the named Plaintiff and the Plaintiff class members, to perform on-call duty

consisting of three (3) sixteen (16) hour shifts per month, for a total of forty-eight (48) hours of on-call duty per month, in addition to their regular duty hours.

17.    During each sixteen (16) hour on-call shift, the named Plaintiff and Plaintiff class members are required to remain available to respond to duty calls and are required to report to their assigned duty station, fully dressed in uniform and in their patrol vehicles, within thirty (30) minutes of receiving a call-in notification.

18.    The thirty (30) minute response requirement imposes severe restrictions upon the named Plaintiff and Plaintiff class members during their on-call shifts. Specifically, the named Plaintiff and Plaintiff class members are prohibited from engaging in any activity or traveling to any location that would prevent them from reporting to the station, fully dressed in uniform and in their patrol vehicles, within thirty (30) minutes of receiving a call. As a practical matter, this requirement confines the named Plaintiff and Plaintiff class members to the vicinity of their homes for the duration of each on-call shift.

19.    Defendant's on-call policy further prohibits the named Plaintiff and Plaintiff class members from engaging in any activity that would render them unfit for duty during their on-call shifts, including but not limited to the consumption of alcoholic beverages. Defendant's policy additionally prohibits officers from operating their assigned patrol vehicles or wearing their uniforms except while actually on duty, which further restricts the officers' ability to respond and confines them more strictly to the area of their homes during on-call periods.

20.    Defendant actively enforces its on-call policy. If an on-call officer fails to respond to a call-in within the required thirty (30) minutes, Defendant dispatches a fellow officer to the non-responding officer's residence to determine the reason for the failure to appear. This

enforcement mechanism confirms that Defendant exercises control over the named Plaintiff and the Plaintiff class members throughout the entirety of each on-call shift.

21. The restrictions imposed upon the named Plaintiff and Plaintiff class members during their on-call shifts are so onerous and pervasive that the named Plaintiff and Plaintiff class members cannot effectively use their on-call time for personal pursuits. The named Plaintiff and Plaintiff class members are, for all practical purposes, on duty and under the control of Defendant throughout the duration of each on-call shift.

22. There are approximately twenty (20) or more officers similarly situated to the named Plaintiff who have been subjected to Defendant's on-call policy and the resulting failure to compensate such officers for all compensable hours worked.

**PAYMENT FOR ALL TIME WORKED**

23. The Named Plaintiff and Plaintiff class members were not paid for the on-call time during which they were required to be available and subject to the restrictions described above. Instead, Defendant pays the Named Plaintiff and Plaintiff class members only for the time actually spent responding to a call-in, and only then for the actual hours spent on the specific call.

24. The Defendant improperly failed to compensate the Named Plaintiff and Plaintiff class members for all time they were subject to Defendant's control and discharging their work-related duties during on-call shifts.

**OVERTIME COMPENSATION**

25. The Named Plaintiffs and Plaintiffs were regularly required to work, or were subject to compensable on-call hours that, when combined with their regular duty hours, resulted in their working in excess of forty (40) hours per week.

26.    The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

27.    Despite working overtime, the Named Plaintiffs and Plaintiffs were not paid time and one-half pay from Defendants for overtime worked as set out above.

## WILLFUL VIOLATIONS

28.    On information and belief, Defendant has for more than ten (10) years, willingly, deliberately and intentionally refused to pay Named Plaintiff and Plaintiffs for all compensable time worked, including their on-call hours, and has failed to pay time and one-half pay for overtime worked.

29.    Defendant willfully, deliberately and intentionally failed to pay the Named Plaintiff and Plaintiff class members for all compensable hours worked, including on-call hours, and failed to pay time and one-half overtime wages to Named Plaintiff and Plaintiff class members who worked, or were subject to compensable on-call obligations, in excess of forty hours per week.

30.    Defendant has never claimed that the FLSA laws do not apply to the Named Plaintiffs and Plaintiffs or that the Named Plaintiffs and Plaintiffs are exempt from these requirements.

31.    Named Plaintiffs and Plaintiffs are, therefore, owed compensation for all compensable time actually worked but not paid, including on-call hours, time and one-half overtime wages and back wages by Defendant, who willingly and knowingly withheld those wages, as well as liquidated damages for these willful and knowing violations.

## IV. STATEMENT OF CLAIMS

29 U.S.C. §§ 207, 216

**VIOLATIONS OF FLSA MINIMUM WAGE AND OVERTIME PROVISIONS**

32.　The foregoing paragraphs are included herein as though fully set forth herein.

33.　Defendant is an entity covered by the requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*.

34.　At all relevant times, Defendant is and was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and is subject to the provisions of such Act.

35.　Named Plaintiff and Plaintiff class members at all relevant times were employees of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*.

36.　During the period of time that Named Plaintiff and Plaintiff class members were employed by Defendant, the Named Plaintiff and Plaintiff class members performed and were subject to compensable work, including on-call duty, for which they were not compensated, and regularly performed more than 40 hours of compensable work per week (overtime work) for which no additional compensation was paid to them by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, Defendant violated § 7 of the FLSA by failing to pay Named Plaintiff and Plaintiff class members for all compensable hours, including on-call hours, and failing to pay them time and one-half overtime wages for all compensable hours worked in excess of forty hours per week.

37.　Upon information and belief, the Defendant's pay system is and has been unilaterally imposed upon Named Plaintiff and Plaintiff class members.

38.    The Defendant's failure to compensate the Named Plaintiff and Plaintiff class members for all compensable hours, including on-call hours, violates the minimum wage provisions of the FLSA and the regulations thereunder.

39.    The Defendant's failure to properly administer a scheme of compensation, including but not limited to compensation for on-call hours, actual time, overtime and/or comp time compensation, violates the overtime provisions of the FLSA and the regulations thereunder.

40.    The Defendant's failure to compensate the Named Plaintiff and Plaintiff class members for all compensable hours was a willful and knowing violation of the FLSA.

41.    As a result of Defendant's willful and knowing failure to properly compensate the Named Plaintiff and Plaintiff class members, the Named Plaintiff and Plaintiff class members have suffered substantial delays in receipt of wages owed and damages.

42.    The Defendant's failure to properly administer a compensation scheme for on-call hours and overtime was a willful and knowing violation of the FLSA.

43.    Pursuant to 29 U.S.C. §§ 207, 216, Defendant owes Named Plaintiff and Plaintiff class members compensation for the on-call hours and all other hours they worked for which they were not paid, compensation for the overtime work for which they were not properly paid, and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## V. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself, all members of the Collective Action, and all other similarly situated individuals:

a.    That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b.       That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c.       That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d.       That the Court enjoin the Defendant from committing further violations of the Fair Labor Standards Act;

e.       That the Court award the named Plaintiff and collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

f.       That the Court award the named Plaintiff and the collective group's reasonable attorney's fees, costs, and expenses;

g.       That the Court order the Defendant to make the named Plaintiff and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

i.       That the Court award the named Plaintiff and the collective group members such additional relief as the interests of justice may require;

j.       That a jury be impaneled to try this cause.

Respectfully submitted,

WEINMAN & ASSOCIATES


s/ Michael L. Weinman
Michael L. Weinman (#015074)
112 S. Liberty Street, Suite 224
P. O. Box 266
Jackson, TN 38302
Telephone: 731-423-5565
Facsimile: 731-423-5372
Email: mike@weinmanthomas.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2026, I electronically filed the foregoing document with the Court's ECF system. Service of this Complaint will be made on Defendant with a summons to be issued by the Clerk per the Federal Rules of Civil Procedure.


s/ Michael L. Weinman
Michael L. Weinman (#015074)